IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL NO. 2:16-cr7-KS-MTP

CHARLES BOLTON and
LINDA BOLTON

**RESPONSE OF CHARLES BOLTON
TO UNITED STATES' MOTION TO ADMIT
SUMMARY WITNESS TESTIMONY AND SUMMARY EXHIBITS**

The Accused, Charles Bolton, files this Response to the United States' Motion to Admit Summary Witness Testimony and Summary Exhibits and in response says:

1.

Charles Bolton takes no issue with the provisions of Fed. R. Evid. 1006. However, Rule 1006 sets forth the predicate for use of a summary or chart to prove the content of voluminous writings. In that context, the proponent must make the originals or duplicates available to the opposing party for examination or copying, or both, at a reasonable time and place.

2.

During the embryonic stages of this case, the United States produced a volume of documents together with various charts/summaries setting forth the bases for its contention that Charles and Linda Bolton violated 26 U.S.C. §7201 and 26 U.S.C. §7206. From the time of the initial production in April, 2016 until Monday, August 22, 2016, Charles Bolton fashioned his defense predicated upon the various charts/summaries furnished by the United States. The charts/summaries depict, *inter alia*, the amount of understated or omitted income and the relevant checks and deposits the United States would use in support of the Indictment. On Monday, August 22, 2016, however, the United States, through the AUSA, advised the undersigned that the charts/summaries will be revised with additional checks and claimed income not otherwise identified as challenged transactions in the initial production, in support of presumably the 26 U.S.C. §7201 violation. Moreover, the United States initially provided the claimed tax deficiency amount. The United States also advised the undersigned that the amount of claimed tax deficiency will increase with the additional checks and deposits. Invariably, this will alter or change the United States' original charts/summaries.

3.

At this juncture, neither Charles Bolton nor his counsel has seen the additional data which will alter or change, to some unknown extent, the charts/summaries heretofore produced by the United States. In this regard, it is impossible to respond to the United States' Motion to Admit Summary Witness Testimony and Summary

Exhibits until such time as the United States of America fully complies with the prerequisite under Fed. R. Evid. 1006.

4.

Charles Bolton agrees that the Fifth Circuit has a long history of supporting summary witness testimony in cases where records are voluminous. As stated, Charles Bolton takes no issue with the Fifth Circuit's position under Fed. R. Evid. 1006. The Fifth Circuit, however, in *United States of America v. Armstrong*, 619 F.3d 380 (5th Cir. 2010), following the teachings of *United States v. Nguyen*, 504 F.3d 561 (5th Cir. 2007), held that although summary testimony is allowed in limited circumstances in complex cases, the Court has repeatedly warned of its dangers and the potential risk the sponsoring witness will become an advocate. Particularly, the Court warned that summary witnesses are not to be used as a substitute for or a supplement to closing argument. Thus, to minimize the danger of abuse, summary testimony must have an adequate foundation in evidence that is already admitted and should be accompanied by a cautionary jury instruction. Full cross examination and admonitions to the jury further minimize the risk of prejudice. See *Bishop*, 264 F.3d at 547.

5.

This Court must abate ruling on the United States' Motion to Admit Summary Witness Testimony and Summary Exhibits until such time as the United States submits to the undersigned the additional production it intends to use. The production must include any changed or revised summary or chart. Even if the summaries/ charts may

be admissible, the Court must still require: (1) that the charts are based on competent evidence before the jury; (2) the primary evidence used to construct the charts was made available, in reasonable time, to the other side for comparison in order that the correctness of the summary may be tested; (3) the person who prepared the charts is available for cross examination; and (4) the jury is properly instructed concerning their consideration of the charts. *United States v. Winn*, 948 F.2d 145 (5th Cir. 1991).

WHEREFORE, PREMISES CONSIDERED, the Accused, Charles Bolton, moves this Court to abate ruling on the Motion to Admit Summary Witness Testimony and Summary Exhibits until such time as the United States produces its supplemental underlying data, including any altered or revised charts/summaries. Thereafter, the Court can determine, on proper motion from the Accused, if the additional production, less than three weeks before trial, provides the Accused, Charles Bolton, with sufficient time to determine the subject matter of the underlying data; the impact it will have on Charles Bolton's defense based upon the initial production of charts/summaries; and the effect it will have on the ability of Charles Bolton to properly defend the Indictment.

Respectfully submitted this 23rd day of August, 2016.

/s/: CHARLES BOLTON

/s/ BY: JOE SAM OWEN, MSB #3965

<u>CERTIFICATE OF SERVICE</u>

I, JOE SAM OWEN, of the law firm of Owen, Galloway & Myers, PLLC, counsel for Charles Bolton, do hereby certify that I have this date electronically filed the above and foregoing Response with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

SO CERTIFIED THIS 23rd day of August, 2016.

<i>/s/ JOE SAM OWEN</i>

JOE SAM OWEN, MSB #3965
BEN F. GALLOWAY, MSB #4390
OWEN, GALLOWAY & MYERS, PLLC
1414 25th Avenue
Post Office Drawer 420
Gulfport, Mississippi   39502-0420
Telephone:   (228) 868-2821
Facsimile:   (228) 864-6421
E-Mail:   jso@owen-galloway.com
          bfg@owen-galloway.com