IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                  CRIMINAL NO. 2:16-cr7-KS-MTP

CHARLES BOLTON and
LINDA BOLTON

RESPONSE OF CHARLES BOLTON TO UNITED STATES'
MOTION TO EXCLUDE EVIDENCE OF SPECIFIC
INSTANCES OF DEFENDANTS' LAW ABIDINGNESS OR ALLEGED
"GOOD DEEDS" AND ANY REFERENCE TO POTENTIAL SENTENCES

The Accused, Charles Bolton, files this Response to the United States' Motion to Exclude Evidence of Specific Instances of Defendants' Law Abidingness or Alleged "Good Deeds" and any Reference to Potential Sentences and in response says:

1.

In the Statement of the Issue set forth in the United States' Motion, the United States represents that the Defendants (Charles and Linda Bolton) may seek to use specific instances where Charles Bolton was helpful in his official role, or where his wife may have assisted him at charitable events or civic activities in her personal capacity, in an attempt to persuade the jury that the defendants are "do gooders," law abiding citizens, and/or honest public servants who would not commit the acts charged in the

1

Indictment. As a beginning point, it is a mystery as to how the United States reached such conclusion. Regardless, Charles Bolton submits:

### A.

### SPECIFIC INSTANCES OF GOOD DEEDS ARE INADMISSIBLE TO SHOW THE BOLTONS' GOOD CHARACTER

The Accused, Charles Bolton, agrees that specific instances of generalized good deeds unrelated to an essential element of the charges in the Indictment are inadmissible. Conversely, evidence to rebut or negate the willfulness element under both 26 U.S.C. §7201 and 26 U.S.C. §7206 is admissible. The Accused, Charles Bolton and his wife, Linda Bolton, are absolutely entitled to offer evidence, directly or indirectly, relevant to the issue of the willfulness element under both §7201 and §7206.

### B.

### THE FEDERAL RULES OF EVIDENCE PROHIBIT THE USE OF SPECIFIC INSTANCES OF PRIOR HONEST ACTS TO PROVE THE DEFENDANTS' GOOD CHARACTER

The Accused, Charles Bolton, takes no issue with the provisions of Fed. R. Evid. 404(a)(1). However, Fed. R. Evid. 404(a)(2)(A) provides exceptions for a Defendant in a criminal case. Under Fed. R. Evid. 405(b), when a person's character or character trait is an essential element of a charge, claim or defense, the character or trait may also be proved by relevant specific instances of a person's conduct. *U.S. v. Webster*, 649 F.2d 346 (5th Cir.) (character evidence is allowed to prove a pertinent trait of accused's character; predisposition is a state of mind and thus an appropriate basis).

Willfulness is an essential element the United States must prove under 26 U.S.C. §7201 and 26 U.S.C. §7206. Furthermore, willfulness, in the context of a 26 U.S.C. §7201 or a 26 U.S.C §7206 charge, is defined as a voluntary, intentional violation of a known legal duty. *United States v. Miller*, 520 F.3d 504 (5th Cir. 2008). Charles Bolton is rightfully entitled to offer relevant, specific instances of his conduct to rebut the claim that he voluntarily and intentionally violated a known legal duty, that is, the legal duty not to evade or attempt to evade the payment of taxes and not to make and sign a materially false federal income tax return.

### C.

### INVOKING SYMPATHY THROUGH EVIDENCE OF GOOD DEEDS IS ALSO PROHIBITED

The Accused, Charles Bolton, has no issue with the argument that the defense may not inject sympathy through evidence of other alleged good deeds. Moreover, the United States claims that Charles Bolton may attempt to persuade the jury that he was a hard working public servant, who bestowed a host of benefits upon Forrest County and the Hattiesburg area and that Linda Bolton participated in certain public service activities. The Accused, Charles Bolton, agrees with the generalized statement of the United States but disagrees with the argument that there is a blanket prohibition. For example, Charles Bolton is absolutely entitled to provide background information as to the nature of his employment; the length of time that he was employed; the various official positions that he held; and how those positions, particularly his current position

as chief deputy negates or rebuts the willfulness element set forth in 26 U.S.C. §7201 and 26 U.S.C. §7206.

D.

**REFERENCES TO THE POTENTIAL SENTENCES OF
CHARLES AND LINDA BOLTON**

The Government submits that references to the potential sentences of Charles and Linda Bolton should be excluded. The Accused, Charles Bolton, takes no issue with the argument that the jury has no sentencing function. Conversely, it cuts both ways. The United States of America should not be allowed to argue that Charles Bolton should be convicted simply because he is a public figure, or that the jury should send a message to other public figures and public officials by convicting Charles Bolton, or that Charles Bolton, in some manner, used his position as chief deputy to facilitate the alleged violations of 26 U.S.C. §7201 and 26 U.S.C. §7206. Stated differently, United States of America has no right to inflame the jury with arguments that Charles Bolton abused the public trust as a law enforcement officer when such argument is totally irrelevant to the issues relating to the private, personal tax returns of Charles and Linda Bolton and even if it could be remotely relevant, it must be excluded under Fed. R. Evid. 403.

WHEREFORE, PREMISES CONSIDERED, the Accused, Charles Bolton, to the extent set forth herein, concedes certain of the arguments advanced by the United States and rejects those argument designed to prohibit or inhibit Charles Bolton and Linda

Bolton's right to negate the element of willfulness or the issue of character in general under both Fed. R. Evid. 405(a) and Fed. R. Evid. 405(b). Further, Charles Bolton submits that the prohibition of injecting sympathy also mutually excludes any argument or statement of counsel for the United States that Charles Bolton violated the public trust or used his position as chief deputy to engage in the conduct that gave rise to the 26 U.S.C. §7201 and 26 U.S.C. §7206 charges.

  Respectfully submitted this 24th day of August, 2016.

        /s/: CHARLES BOLTON

        /s/ BY: JOE SAM OWEN, MSB #3965


JOE SAM OWEN, MSB #3965
BEN F. GALLOWAY, MSB #4390
OWEN, GALLOWAY & MYERS, PLLC
1414 25th Avenue
Post Office Drawer 420
Gulfport, Mississippi   39502-0420
Telephone: (228) 868-2821
Facsimile: (228) 864-6421
E-Mail: jso@owen-galloway.com
    bfg@owen-galloway.com

CERTIFICATE OF SERVICE

I, JOE SAM OWEN, of the law firm of Owen, Galloway & Myers, PLLC, counsel for Charles Bolton, do hereby certify that I have this date electronically filed the above and foregoing Response with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

SO CERTIFIED THIS 24th day of August, 2016.

/s/ JOE SAM OWEN

JOE SAM OWEN, MSB #3965
BEN F. GALLOWAY, MSB #4390
OWEN, GALLOWAY & MYERS, PLLC
1414 25th Avenue
Post Office Drawer 420
Gulfport, Mississippi  39502-0420
Telephone:    (228) 868-2821
Facsimile:    (228) 864-6421
E-Mail:       jso@owen-galloway.com
              bfg@owen-galloway.com