# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                              **No. 2:16cr7-KS-MTP**

**CHARLES BOLTON and**
**LINDA BOLTON**


## MOTION FOR A JUDGMENT OF ACQUITTAL
## OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

*Oral Argument Requested*

Pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution, Defendant Linda Bolton hereby moves for a judgment of acquittal on Counts 2 through 10, or in the alternative, a judgment of acquittal on Counts 6 through 10, or in the alternative, a new trial on Counts 6 through 10.

Linda Bolton was found not guilty on Count 1.  The jury could not reach agreement on Counts 2-5 and a mistrial was declared.  She was convicted on Counts 6-10.  Counts 1-5 charged the Defendants with willfully evading federal income tax in violation of 26 U.S.C. 7201.  Counts 6-10 charged them with willfully making a false material statement on a federal income tax return in violation of 26 U.S.C. 7206(1).

I.     THE GOVERNMENT HAS NOT PROVEN BEYOND A
REASONABLE DOUBT THAT LINDA BOLTON IS GUILTY OF
WILLFULLY MAKING A FALSE STATEMENT ON HER TAX
RETURNS.

Because the Government has not proven Linda Bolton guilty beyond a

reasonable doubt, Rule 29 and the Fifth and Sixth Amendments to the Constitution

require that a judgment of acquittal be entered for Linda Bolton on all counts.

Alternatively, a judgment of acquittal should be entered on Counts 6 through 10.[1]

Alternatively, the convictions on Counts 6 through 10 should be vacated and a new

trial should be granted to Linda Bolton on those counts in the interests of justice.

The Government's claim regarding tax evasion and false statements on tax

returns stems from two sources of allegedly unreported income:  the John Lee

cashed checks and the various deposited checks that were marked as "loans."

<u>The John Lee Cashed Checks</u>

John Lee wrote off the cashed checks in the amount of $273,520.00 over a

five-year period as business expenses --- labeling many of them as "supplies."  He

did the same with the additional $66,419.79 in deposited checks.    The

Government has invoked a double standard, presuming that Charles and Bolton

willfully violated the tax laws, while at the same apparently accepting John Lee's

---

[1] Because Linda Bolton was convicted of making a false statement as alleged in counts 6-10, this
section focuses on the elements regarding that particular crime.  However, the arguments
regarding willfulness and taxable income also apply to the tax evasion charges in counts 2-5.
Thus, a judgment of acquittal should be granted on counts 2-10.  However, if the Court believes
the arguments apply only to Counts 6-10, it should enter a judgment of acquittal on those counts.

fantastical claim that this approximately $340,000 was spent over five years for catering and alcohol at office-related social functions.  Despite invoking this double standard and endorsing John Lee's deceit, the Government has not carried its burden of demonstrating that these checks were for goods and services from Hall's Package Store and Sports 22 restaurant and catering service, and has not proven they were taxable income.

The listing of the checks as being for "supplies" by John Lee is not credible evidence, particularly in light of the fact that he included as "supplies" items such as expensive purchases from Adler's jewelry store in New Orleans, payments to his children, and payments to his former daughter-in-law who lives in Meridian, all in an obvious attempt to evade taxes himself.

The only other evidence is Special Agent Luker's testimony that John Lee told him that these payments were for liquor and food.  That hearsay evidence, however, is as unreliable as Lee's designation of the payments as "supplies."  John Lee's long-time assistant, Helen Moreland, testified that she was unaware of any office-related functions being held in the office or at his house other than a holiday event where hams and turkeys were given away, and she confirmed that those were purchased from a company called Honey Baked Hams.  Given her position as his assistant of several decades, Ms. Moreland likely would have had some role in planning office-related functions such as arranging food and sending invitations

and would been involved in discussions with John Lee about them.  That fact that she didn't, and that she had no knowledge of any events beyond the holiday gathering, undermines the Government's contention that this money was spent on liquor and food.

Exhibits G-74, G-76, G-79, G-81,and G-83 list a total of 54 checks over 5 years, which averages out to nearly one check a month.  If these alleged events were held once a month or once every two months, surely Helen Moreland would have heard something about them.

Moreover, the Government has presented no evidence to corroborate John Lee's self-serving claim that these checks were written for food and liquor to be served at these frequent social events.  No one in John Lee's law office has testified about any such events, and neither has anyone involved in his business ventures.  Apparently no one has been found who attended these alleged events and who could testify about them.

In sum, the Government's proof relies solely upon the discredited word of John Lee, and that is not enough to sustain its burden of proving beyond a reasonable doubt that these checks were taxable income.

While there were a handful of invoices to John Lee that were paid by check, approximately $66,000 of his checks was deposited into the Hall's and Sports 22 accounts.  Approximately $42,000 was marked as loans, and the remaining

$24,000 was included as income on the tax returns.  That was more than enough to cover the handful of actual purchases that John Lee made from Hall's and Sports 22 and to pay the taxes owed for actual goods and services that were purchased by John Lee.

Furthermore, of the 54 John Lee checks that were cashed over a five-year period, only five were cashed by Linda Bolton, and they account for only a small portion of the overall amount.  See Exhibits G-74, G-76, G-79, G-81, and G-83. There is insufficient evidence to prove beyond a reasonable doubt that she personally knew this money was for goods and services and therefore was taxable income.

<u>The Items Marked as Loans</u>

Renee Moore from the former Nicholson & Co. testified that the earmarking of certain bank deposits as "loans" was the equivalent of capital contributions for a small business like this.  She found nothing unusual about Ms. Bolton's practice of marking certain deposits as loans, or at least nothing sufficiently unusual to cause her to contact Linda Bolton regarding the practice or to discuss with Ms. Bolton the guidelines regarding what could and couldn't be designated as a loan or a capital contribution.  In the complicated world of tax law, the Government presented no evidence that Ms. Bolton knew that she could not designate those

items as loans or capital contributions, and there is no evidence that anyone ever explained that to her.

As indicated by Jury Instruction No. 15, a person cannot be convicted of making a false statement on a tax return without proof that she knew the statement was false and that she made it willfully with the intent to violate a known legal duty.  In other words, Linda Bolton would have to have known that the accounting firm was deducting the items marked as loans from the gross income of the businesses on the Schedule C, and would have to have known that this was unlawful.  The evidence in this case demonstrates that for the 2009 tax year, the accounting firm Nicholson & Co. did not deduct the items marked as loans from the gross income of the businesses.  However, there is no evidence that Linda Bolton ever contacted the firm to complain that the loans were not deducted. Although the firm did start deducting them for the 2010 tax year, this change was not prompted by anything Linda Bolton did.

Linda Bolton's failure to take any action regarding the non-deduction in 2009 indicates that she did not know how the firm was treating the items marked as "loans," that she did not examine the tax returns they prepared to see how they treated those items, and that she was not trying to deceive the firm into preparing a return that was unlawful.  The Government has not proven beyond a reasonable doubt that Linda Bolton had any particular expectation on how the items marked as

loans would be treated during the years in question, and certainly has not proven that she knew the tax returns from 2010 to 2013 actually deducted those items from the gross income of the businesses.  Absent such proof beyond a reasonable doubt, she cannot be convicted of a violation of 26 U.S.C. 7206(1).

In this connection, it is important to note that Linda Bolton did not have any degree or background in accounting and there was no evidence that she had any understanding of accounting concepts.  The bookkeeping that she provided the accounting firm was limited to the handwritten sheets she provided every month. Thus, she cannot be presumed to know what deposits can and cannot be listed as loans or capital contributions in a list provided to an accounting firm.  Absent some proof that she did know, the Government has not carried its burden to prove false statements stemming from the items marked as loans.

## II.   THE FAILURE TO GRANT LINDA BOLTON'S PROPOSED JURY INSTRUCTIONS 4, 5 AND 7 REQUIRES A NEW TRIAL.

Linda Bolton's proposed Jury Instruction No. 7 read as follows:

> The Government's contention is that the John Lee checks were written to purchase food and alcohol.  In order for you to consider this as taxable income, the Government must prove beyond a reasonable doubt that the checks were written to purchase food and alcohol.  If the Government fails to prove that beyond a reasonable doubt, you may not consider those checks as taxable income.

However, the instruction was denied.  This denial was not in keeping with the requirement that the Government prove the Defendants evaded taxes or made a

false statement regarding taxes that were owed, and was not in keeping with the requirements of the Fifth and Sixth Amendments that the Government prove all essential elements of the crime beyond a reasonable doubt.

The primary defense regarding the John Lee checks was that they were not for goods and services and therefore were not taxable income.  The Government made clear during the trial its position that the John Lee checks were written to purchase food and alcohol.  The Defendants were entitled to an instruction containing their theory of defense light of the Government's specific allegations.  Otherwise, the jury had no way of knowing the law regarding what is and is not taxable income.  For example, a juror could believe that the income was taxable simply because the Boltons received it from John Lee, even if it was a gift or even if the checks were being cashed for John Lee and the money was returned to him.  To put it another way, a juror could have a reasonable doubt that the John Lee money was for goods and services, but still could conclude that it was taxable income simply because John Lee wrote the checks to the Bolton's businesses.

While it is true that, theoretically, goods and services could encompass something beyond catering and alcohol, the Government's theory in this case was that the money was spent for catering and alcohol regarding various business-related functions that John Lee allegedly held.  Thus, this instruction was tailored to the case as it was presented to the jury.

Because the jury was not properly instructed on what does and does not constitute taxable income with respect to the John Lee checks, a new trial is required.

Linda Bolton's Proposed Jury Instruction No. 4 read as follows:

Title 26 United States Code, Section 102(a) provides:  "Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance."  Thus, a gift of money need not be reported as income on the tax return of the person who received the gift.

Linda Bolton's Proposed Jury Instruction No. 5 read as follows:

Title 26 United States Code, Sections 2501 and 2502, provides that gifts above a certain amount are taxable, but the tax "shall be paid by the donor." 26 USC 2502(c).  In other words, the recipient of a monetary gift does not owe taxes on it and is not required to report the gift on his tax return.

The denial of these jury instructions created the same problem as the denial of Jury Instruction 7 and violated the same legal principles.  A juror who had a reasonable doubt that the John Lee checks were for goods and services, and thought they could be gifts, might still convict because of an erroneous belief that gifts are taxable income to the recipient.

In response to this proposed instruction, the Government argued that there was no evidence that the checks were gifts, and the Court agreed, denying the instruction on that basis.  But there was testimony from Helen Moreland that John Lee was a wealthy man who was generous with his friends, and that he and Charles Bolton were good friends.  And there was certainly a dispute about whether the

money was for goods and services.  If a juror had a reasonable doubt about

whether the checks were for goods and service, one of the possibilities that would

naturally arise is that it could have been a gift from a wealthy man to his good

friend.  The Defense was entitled for the jury to be instructed that gifts are not

taxable to the recipient.  The failure to grant these instructions requires a new trial.

_____

Further, Linda Bolton adopts the substantive arguments contained in

Sections VII and X from the post-trial motion of Charles Bolton (doc. 118).[2]  She

reasserts the arguments her counsel made at the close of the Government's case, as

well as all objections and other claims made on her behalf during the trial of this

case.  She also raises and objects to any failure by the Government to disclose all

information that should have been disclosed pursuant to the Constitution, the rules

regarding discovery, and the orders of the Court regarding discovery.

## CONCLUSION

In light of the foregoing, the Court should enter a judgment of acquittal on

all counts, or in the alternative, grant a judgment of acquittal on Counts 6 through

10, or in the alternative, grant a new trial on Counts 6 through 10.

_____

[2] Linda Bolton does not dispute the other arguments and points made in Charles Bolton's motion, but VII and X are the only ones applicable to her.

Respectfully Submitted,

 s/Robert B. McDuff
ROBERT B. McDUFF
Miss. Bar #2532
MCDUFF & BYRD
767 North Congress Street
Jackson, MS  39202
(601) 969-0802
(601) 969-0804 (fax)
rbm@mcdufflaw.com

September 29, 2016                   Counsel for Linda Bolton

CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing through the Court's ECF system, which will send notification to, and electronically serve a copy on, all counsel of record in this case.  This 29th day of September, 2016.

s/ Robert B. McDuff
Counsel for Linda Bolton