IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL NO. 2:16-cr7-KS-MTP |
| CHARLES BOLTON and LINDA BOLTON | |

### GOVERNMENT'S MOTION IN SUPPORT OF FINDING ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE WAIVED

NOW INTO COURT, comes the United States of America, appearing herein by and through the undersigned Assistant United States Attorneys, and in support of the motion to find attorney-client privilege and the work product doctrine waived states the following:

Mr. Owen and Owen, Galloway, and Myers, PLLC's (OGM)[1] motion should be granted because it is implied that attorney-client privilege and the work-product doctrine are waived when a client makes an ineffective assistance of counsel claim. *Hunt v. Blackburn*, 128 U.S. 464, 470–71 (1888). Similarly, when a habeas petitioner asserts an ineffective assistance of counsel claim they have necessarily waived attorney-client privilege. *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967). The Ninth Circuit stated,

> "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to **all** communications with his allegedly ineffective lawyer."

---

[1] OGM will be used to refer to Mr. Owen and his firm, Owen, Galloway & Myers

*Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (emphasis added). This precedent has been followed in the Southern District of Mississippi in *United States v. Bellock*, where this Court noted, by petitioning for habeas relief based on ineffective assistance of counsel, "Defendant has impliedly waived his attorney-client privilege regarding communications with his attorney . . . that are relevant to the charges asserted in this proceeding." No. 1:13CR48-HSO-JMR-1, 2016 WL 234852, at *2 (S.D. Miss. Jan. 20, 2016). The more instances of ineffective assistance of counsel claims that are raised, the wider the waiver of attorney-client privilege. *Harrelson v. United States*, 967 F. Supp. 909, 915 (W.D. Tex. 1997). In a claim of ineffective assistance of counsel, work product doctrine protection is also waived. *Id.* The Fifth Circuit does not require any "preemptive protective orders preventing the use of habeas discovery material in future legal proceedings." *Bellock*, 2016 WL 234852, at *2. All of the Motions currently pending before this Court are in fact habeas claims for ineffective assistance disguised under other titles.

      Defendants, Charles and Linda Bolton, have filed numerous motions containing repetitive claims for new trial based on newly discovered evidence, to vacate conviction and sentence, for appeal bonds, for extensions of reporting dates and for certification of interlocutory appeal. These various motions make similar and identical claims alleging multiple instances of ineffective assistance of counsel due to an alleged conflict of interest caused by John Lee paying $25,000 of Charles Bolton's legal fees in an unrelated matter.[2] These claims should result in an implied waiver of attorney-client privilege and the work product doctrine. *Laughner*, 373 F.2d at 327.

---

[2] The Boltons allege the amount is $60,000.

The Fifth Circuit has held claims of ineffective counsel are not considered newly discovered evidence under Rule 33. *United States v. Villarreal*, 324 F.3d 319, 326 (5th Cir. 2003), *see also United States v. Ugalde*, 861 F.2d 802, 810 (5th Cir. 1988), *United States v. Medina*, 118 F.3d 371, 372 (5th Cir. 1997). Despite clear case law, the defendants claim dozens of alleged ineffective acts and omissions by trial counsel constitute newly discovered evidence. They do so by attempting to link their main conflict of interest claim that Mr. Owen (OGM) was paid $60,000 in legal fees by John Lee on behalf of Charles Bolton. The defense argument is, because John Lee allegedly paid $60,000 in legal fees for Bolton, OGM's loyalty was to Lee instead of Charles Bolton and that this payment was unknown to the Bolton's. Therefore, OGM failed to act in the best interest of Charles Bolton, and instead acted in Lee's interest by failing to call Lee as a witness among other things. The Bolton's claim counsel for Linda Bolton also acted deficiently, in part due to this conflict and the conflicts between defense counsels in presenting a defense of the Bolton's at trial. All of these deficiencies are allegedly related to the payment of legal fees by Lee on Charles Bolton's behalf in November 2014.

The allegations are largely dependent upon facts not part of the record. Charles Bolton, with no offer of proof whatsoever, claims he did not know about third party payments of legal fees to OGM on his behalf. The lynch-pin of all the Bolton's claims, through various motions for new trial, to vacate conviction and sentence and for bond pending appeal are tied to this single unsupported allegation. Absent a full waiver, all parties are left with the defense claim that OGM represented Lee's interests at the expense of Bolton's due to Lee allegedly paying $60,000 in legal fees to OGM in 2014, and that the payment of these fees was unknown to Bolton. Without more, the Motions would lead one to think that Bolton believed OGM represented Bolton on the food theft case for free or pro bono.

3

The full development of the record and facts related to the defense complaints is dependent upon OGM's ability to release information otherwise clearly or arguably falling within the attorney-client privilege. The Sixth Circuit has held a claim of ineffective assistance of counsel waives privilege related to <u>all</u> communication with the allegedly ineffective counsel, so attorney-client privilege should be waived completely. *Bittaker* 331 F.3d at 716 (emphasis added). The government's ability to publicly and legally defend the conviction and sentence of the defendants against claims relating to the Bolton's representation at trial should be based on the evidence introduced at trial and a full disclosure of the facts underlying counsel's performance, not upon the unsupported, conclusory allegations made in the defendant's various motions. The Courts ability to rule on the motions and various request for relief by the defendants should also be based upon the development of a full and accurate record. An accurate, complete record may be obtained only if OGM's motion to have the attorney-client privilege waived is granted and the disclosure of otherwise confidential communications are realized.

In order to prevail on a motion for a new trial under Rule 33(b), the defendant has the burden of showing that:

> "(1) The evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal."

*U.S. v. Reedy*, 304 F.3d 358, 372 (5th Cir. 2001). A full waiver of the attorney-client privilege is essential for the government to respond and demonstrate why the Bolton's claims fail the test for "newly discovered evidence" and why the ineffective assistance claims alleged to be newly

discovered, were known to defendants and fail to meet the definition of "newly discovered" in the Fifth Circuit.

For example, without a waiver of privilege how will the government be able to refute the claim that John Lee paid $60,000 of OGM's legal fees on the Boltons behalf? As it stands now Exhibit 2 shows three checks to OGM, one for $25,000 from John Lee, one for $25,000 from Carl Nicholson and a third from Southern Neurologic & Spinal Institute for $10,000. There is no evidence currently available that shows Mr. Owen was aware that all of these checks were really from Lee as the defense claims. Even Nicholson's affidavit, if believed, doesn't show OGM had such knowledge. All information in the record, provided only by the defendants, shows that third parties paid some legal fees for Mr. Bolton in accordance with Miss RPC 1.8(f). The information offered by the defense and the allegations based on same, can only be rebutted by granting the waiver requested by OGM.

Similarly to the defendant in *Bellock*, the Boltons have made a wide variety of ineffective assistance of counsel claims. In *Bellock* the defendant accused his former attorney of "failing to gather and submit evidence, using an investigator who 'at the behest of this attorney did nothing,'" failing to object to government actions that voided the plea deal, failing to protect defendant's due process rights and having "no understanding of the plea process or appellate process." 2016 WL 234852, at *2. The court noted the defendant's claims opened the door to a wide range of permissible disclosures by former counsel. *Id.* Just like in *Bellock*, the Boltons claims should at the very least open the door for a wide range of permissible disclosures, if not a complete waiver of attorney-client privilege and work product doctrine. The Fifth Circuit has no precedent preventing the use of privileged material in future proceedings so the government should have access to this information as well as the Court. *Id.*

How can OGM address the dozens of allegations regarding ineffective assistance of counsel without reference to their records? How can they offer support for their statements without relying on privileged information? Mr. Owen and OGM have the right to respond and defend themselves from the multiple alleged instances of ineffective assistance of counsel. If the attorney-client privilege and the work product are not waived, they will be unable to defend themselves, the Government will only be able to partially respond and the Court will be left with a partial record of the facts.

Coupled with the ineffective claims against both defense counsel, the defense has publicly attacked the government and the representatives of the government. Defendants have accused the government of utilizing and relying on questionable evidence and suppressing evidence favorable to the defendants. All these public attacks are designed to have the public call into question the charges against the defendants, the validity of the jury's verdict, and the sentence imposed by this Court. Having engaged in this public broadside, the defense now wants to prohibit the government from access to all facts which may refute the defendant's claims. The defense wants OGM's request to terminate the attorney-client privilege denied, or if granted, it be limited to disclosure only in camera, or failing both, that any disclosure be restricted and exclude the government. The defense wants to attack, but fears the counter-attack removing the attorney-client privilege will bring, evidencing a continuing attempt to conceal the truth.

WHEREFORE, for the reasons stated therein, the government respectfully supports OGM's motion to waive attorney-client privilege and the work product doctrine, and requests the Court to order the attorney-client privilege and the work product doctrine waived in full regarding communications that are relevant to the numerous ineffective assistance of counsel claims asserted.

Respectfully submitted,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY

s/ Fred P. Harper, Jr.
FRED P. HARPER, JR. (La. Bar No. 6568)
SHARAN E. LIEBERMAN
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
Facsimile: (504) 680-3602
Fred.harper@usdoj.gov
Sharan.lieberman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2017, I electronically filed the foregoing with the Clerk of Court by Using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Fred P. Harper, Jr.
FRED P. HARPER, JR.