IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


UNITED STATES OF AMERICA


VERSUS                                                CRIMINAL NO. 2:16-cr7-KS-MTP


CHARLES BOLTON and
LINDA BOLTON

---

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER [DOC. 239]

---

Joe Sam Owen, ("Owen"), Ben Galloway, ("Galloway") and the firm of Owen, Galloway & Myers, PLLC, ("OGM"), file this Response in Opposition to the Motion for Protective Order [Doc. 239] filed by Charles Bolton on May 16, 2017.

A.     **MOTION FOR PROTECTIVE ORDER SHOULD BE STRICKEN**

The Motion for Protective Order is an attempt to backdoor a Sur-Reply under the auspices of a Motion for Protective Order to the Reply filed by Owen, Galloway and OGM. Charles Bolton filed his Response and in accord with the Local Criminal Rules for the Northern & Southern Districts, Owen, Galloway and OGM timely filed a Reply. The subject Motion is implicitly covered in the Response of Charles Bolton. Yet, Owen, Galloway and OGM are again traveling down the same path they have encountered since April 11, 2017 beginning with the filing of multiple, overlapping, and in certain

instances identical motions by Charles Bolton and his different attorneys that will require a response from Owen, Galloway and OGM.

According to Charles Bolton, his Motion for a Protective Order is premised on the Federal Rules of Civil Procedure, particularly Rule 26(c).  The Federal Rules of Civil Procedure govern the procedure in the United States District Courts in suits of a civil nature.  See Fed. R. Civ. P. 1; *United States v. O'Keefe*, 169 F.3d 281 (5th Cir. 1999).  The Federal Rules of Civil Procedure simply do not provide relief from a judgment or pending motion in a criminal case.  *O'Keefe*, 169 F. 3d at 289.

Specifically, Rule 26(c) is tied to discovery issues and the initial and expert disclosures in civil cases and by its clear text is limited to civil actions.  Fed. R. Civ. P. 1; *United States v. Walter*, 426 Fed. Appx. 239, 240 (5th Cir. Mar.15, 2011) (per curiam) (designated unpublished); *United States v. Jaimes–Jurado*, 254 Fed. Appx. 341, 342 (5th Cir. Nov. 13, 2007) (per curiam) (designated unpublished).

In *United States v. Zarate-Lopez*, 2014 WL1248014, (S.D. Texas), the Court held that Federal Courts are courts of limited jurisdiction and the use of the motion provision of Rule 12 of the Federal Rules of Civil Procedure is not applicable to criminal proceedings and the scope of the Federal Rules of Civil Procedure is limited to civil actions.  Rule 26(c) of the Federal Rules of Civil Procedure does not apply to this criminal case.

Assuming arguendo the Federal Rules of Civil Procedure apply, Charles Bolton did not comply with Fed. R. Civ. Pro. 26(c).  Charles Bolton failed to include as part of the Motion the required attorney certification as mandated by Rule 26 (c) and

L.U.Civ.R. 37(a).   Charles Bolton and his counsel have enjoyed cherry picking which rules they may be inclined to follow today, and then do something different tomorrow. Further, it demands mentioning that Charles Bolton should not be allowed to continue the onslaught of filing motion on top of motion through multiple lawyers seeking the same relief and advancing the same argument[1].

**B.      RESPONSE**

1.      The allegations of the unnumbered paragraphs, under "1", are denied. The Motion, Re-urged Motion and the Reply of Owen, Galloway and OGM provide detailed information as to the scope and breadth of the wavier issues.  As set forth in the Reply, Charles Bolton opted to file overlapping motions and to designate approximately forty-five (45) areas relating to the issues of conflict and ineffective assistance of counsel.   Those issues cover a period of time beginning on or about September 2014 and continue through March 2017.   Moreover, the issues literally cover each and every aspect of the representation of Charles Bolton in the tax case.

2.      In the unnumbered paragraphs under "2" of the Motion for Protective Order, Charles Bolton advocates that the Motion/Re-urged Motion to Deem the Attorney Client Privilege and the Work Product Doctrine Waived should be denied. Bolton advanced the same argument in his Response.  Charles Bolton also claims the waiver is too impermissibly broad.  If the waiver is broad, it is because the scope of the multiple motions filed [Docs. 175, 177, 178, 181, 218] is ridiculously broad.   Simply

---

[1] The multiple filing of the motions directed at Owen, Galloway and OGM facilitated widespread newspaper, television and social media coverage for all to review the scripted narrative of Charles Bolton.

stated, the waiver must parallel the issues raised in the motions.  See *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967) ("Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, **appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations.  We are unable to subscribe to this proposition**").  (Emphasis added ours). The footnote in *Laughner* demonstrates the widely accepted principle that the privilege is unconditionally waived as to all conduct challenged.[2]

3.      In response to the unnumbered paragraphs under "3", Owen, Galloway and OGM submit that in a federal criminal case, the federal law of privileges applies to attorney-client privilege.  Fed. R. Evid. 501.  *See United States v. Edwards*, 39 F. Supp. 2d 716 (Dist. Ct. MD, LA 1999).  Charles Bolton claims that under Miss. R. Evid. 502(b), the attorney-client privilege accords the client the right to refuse to disclose and prevent others from disclosing confidential communication.  Indeed, we are way beyond that argument.  It certainly appears that this Motion was filed in a vacuum.  The stark reality is the privilege was waived when Charles Bolton opted to file books of motions

---

[2] The rule that a client waives his privilege by attacking the attorney's performance of his duties seems to have been adopted unanimously by those courts which have dealt with the question.  E.g., Farnsworth v. Sanford,  115 F.2d 375 (5 Cir. 1940) (dictum), cert. denied, 313 U.S. 586, 61 S. Ct. 1109, 85 L. Ed. 1541 (1941); United States v. Wiggins, 184 F. Supp. 673, 677-78 (D.C.D.C.1960), and cases cited therein; United States v. Monti, 100 F. Supp. 209 (D.C.N.Y.1951).  It also enjoys impressive scholarly support (see 8 Wigmore, Evidence, § 2327(6) (McNaughton rev. 1961)), has been adopted in the Uniform Rules of Evidence (Rule 26(2)(c)), and is approved by the American Bar Association's Canons of Professional Ethics (Canon 37).

articulating the specifics of his alleged conflict claim and the claims of ineffective assistance of counsel.  Charles Bolton challenges the trial preparation, his "I do not know what happened to the cash money" version of the John Lee checks, the other deposits marked as loans, the Rule 1006 summaries prepared by the Government, Charles Bolton's decision not to testify, the trial strategy in general, the John Lee invocation of the Fifth Amendment, the jury selection, the witnesses not called including a possible co-conspirator, the motions that should have been advanced, the trial objections, the Presentence Investigation Report ("PSR"), the objection to the PSR, and the sentencing hearing.  Of course, the undersigned would be remiss if we did not mention the John Lee conflict, which is wrapped into each and every motion. Roughly speaking, Charles Bolton filed over 150 pages of motions excluding the attachments/exhibits. The multitude of motions filed by Charles Bolton and the extremely broad scope of the areas advanced in his motions are, *ipso facto,* a clear waiver of the attorney-client privilege.

4.      In response to the unnumbered paragraphs under "4", Owen, Galloway and OGM submit that the rules governing motion practice appear meaningless to Charles Bolton and his counsel.  As pointed out in the Reply filed by Owen, Galloway and OGM, Charles Bolton filed multiple motions through multiple lawyers residing in different states without regard to the nature of his argument or the scathing charges on both the conflict and the ineffective assistance of counsel issue.   Charles Bolton had every opportunity to seal the motions, yet he consciously and purposefully chose not to

do so because it would have been counterproductive to the objective of publically

disseminating each and every allegation set forth in the Motion for New Trial and the

Motions to Vacate.  As stated in other filings with this Court, this is Charles Bolton's

escape route by pointing the finger at Owen, Galloway and OGM as an excuse for his

conviction.  Moreover, Charles Bolton intentionally filed overlapping motions to insure

that one or more of the motions would be read and publicized without limitation.  The

mindset of Charles Bolton and his current counsel is the greater number of motions

filed covering the same issue, the more likely the general public may buy into his

narrative.  Now, Charles Bolton seeks to seal the Response[3] of Owen, Galloway and

OGM, to limit its use and further seeks to prevent dissemination to a critical party, i.e.

the United States of America.  Moreover, Charles Bolton seeks to force Owen, Galloway

and OGM to follow an *in camera* filtering review, although he filed his motions and his

civil lawsuits for the entire world to read.  It is apparent that Charles Bolton labors to

limit the record to only his motions.  In the absence of a detailed response from Owen,

Galloway and OGM, the hit and run methodology used by Charles Bolton will result in

an incomplete and wholly insufficient record for appeal purposes.  An *in camera* review

places this Court at a disadvantage and creates another needless loop for Owen,

Galloway and OGM to jump through.  Realistically, how can this Court effectively

conduct an *in camera* review to determine which matters are privileged and which

matters are important to Owen, Galloway and OGM in preparing their response?

---

[3] The Response of Owen, Galloway and OGM is due on or before June 12, 2017 [Doc. 240].

Further, Charles Bolton seeks to limit the use of the subject disclosure to this case. Indeed, this is an interesting irony.  Charles Bolton was not the least bit concerned about the privilege when he recently filed separate civil lawsuits against the accounting firm of Topp McWhorter Harvey, PLLC and John Lee.  In those filings, Charles Bolton engaged in the same diatribe about the John Lee conflict and discussed several of the issues raised in the subject motions.  The Complaints, similar to the motions, are riddled with incorrect, misleading and reckless allegations.  Charles Bolton has repeatedly used the media, including social media, as well as this Court and the Circuit Court of Forrest County, Mississippi to publically disclose the various issues he seeks to silence Owen, Galloway and OGM on.  The Topp McWhorter Harvey Complaint is attached hereto as **Exhibit A** and the John Lee Complaint is attached hereto as **Exhibit B.**

It is important to note that the narrative contained in the Motions and the derogatory comments directed at Owen and OGM were publicized in part on Hattiesburg Patriot/Facebook, the Hattiesburg American, the Associated Press, and topped off by Charles Bolton's exclusive interview with WDAM News[4]. Owen, Galloway and OGM are entitled to not only respond, but to defend each issue Charles Bolton has recklessly injected into the public domain.  Charles Bolton has used the television and social media to rebuff the food theft relevant conduct allegation that was

---

[4] During the interview with WDAM 7 News, Charles Bolton was joined by Sheriff Billy McGee, Phil Hull, Maggie Hancock and Bud Holmes.  McGee, Hull and Hancock submitted affidavits in support of the Motion for New Trial and Bud Holmes, together with Mr. Walter, are representing Charles Bolton in his civil litigation.  Mr. Walter entered his appearance in the subject case after the civil suits were filed raising the question if the positon he now asserts to seal the lips of Owen, Galloway and OGM will enhance his position in the civil litigation.

part of the PSR[5]. A copy of the WDAM interview and the partial recap of the interview by the Hattiesburg Patriot are attached as **Exhibits C and D**. This is a very small sample of the widespread publicity intentionally generated by Charles Bolton.

C.    **CONCLUSION**

5.    Owen, Galloway and OGM submit that the Motion for Protective Order is nothing more than a camouflage for a Sur-Reply and should be stricken. If not stricken, the Motion for Protective Order must be denied *in toto*.

Charles Bolton chose to waive the attorney-client privilege with the filing of the motions and for all intent and purposes the privilege was waived when he filed the various motions. Owen, Galloway and OGM opted to err on the side of caution and obtain a court order that the attorney-client privilege and the Work Product Doctrine are waived. In reality, such was unnecessary because the motion allegations, the media blitz and the unsealed filing of the civil lawsuits are a clear and unconditional waiver of the attorney-client privilege and the Work Product Doctrine.

Respectfully submitted this 30th day of May, 2017.

/s/ *JOE SAM OWEN*, MSB #3965

/s/ *BEN F. GALLOWAY*, MSB #4390

/s/ *OWEN, GALLOWAY & MYERS*

---

[5] The Motion [Doc. 250] filed by Mary Holmes on behalf of Linda Bolton discussing the food theft case and the proposed testimony of her father, Bud Holmes, is beyond a plausible analysis. Ms. Holmes has now moved to withdraw as counsel for Linda Bolton [Doc. 258].

CERTIFICATE OF SERVICE

I, JOE SAM OWEN, of the law firm of Owen, Galloway & Myers, PLLC, do

hereby certify that I have this date electronically filed the above and foregoing *Response*

*to the Motion for Protective Order* with the Clerk of the Court using the ECF system which

sent notification of such filing to all counsel of record.

SO CERTIFIED THIS 30th day of May, 2017.

/s/ *JOE SAM OWEN* MSB #3965

JOE SAM OWEN, MSB #3965
BEN F. GALLOWAY, MSB #4390
OWEN, GALLOWAY & MYERS, PLLC
1414 25th Avenue
Post Office Drawer 420
Gulfport, Mississippi   39502-0420
Telephone:     (228) 868-2821
Facsimile:     (228) 864-6421
E-Mail:          jso@owen-galloway.com
                    bfg@owen-galloway.com