IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP

CHARLES BOLTON and
LINDA BOLTON

**ORDER**

This matter is before the Court on its own Order to Show Cause [307] concerning sanctions against Mary Lee Holmes ("Holmes"), appearing in this case on behalf of Linda Bolton ("Bolton"), and Sharon Henderson ("Henderson"), appearing in this case on behalf of Charles Bolton. Holmes and Henderson were given an opportunity to show why sanctions should not be imposed against them for their conduct in this case. In reviewing the attorneys' responses, the Court finds that sanctions are not appropriate against Henderson. The Court further finds that sanctions are warranted against Holmes.

   A.   **The Court's Inherent Powers**

Under its inherent power, the Court may impose sanctions for "bad faith or willful abuse of the judicial process." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)). Under this power, the Court has discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991).

   B.   **Sharon Henderson**

On April 11, 2017, at 10:10 P.M., Attorney Willie J. Huntley ("Huntley") filed Charles Bolton's Motion to Vacate Conviction and Sentence [177], a 72-page document that exceeded the page limits for criminal motions found in the Local Uniform Criminal Rules. That same day, at

10:20 P.M., Henderson entered her appearance in this case and, after making minor formatting changes, filed the exact same document as Charles Bolton's Motion for New Trial [181] at 11:07 P.M.  In her Response [311] to the Court's Order [307], Henderson explains that the document was provided to both her and Huntley by the National Legal Professional Associates and that her lack of care in filing the duplicative pleading was not done in bad faith but rather "was motivated purely by the need to save the deadline for a critical pleading."  (Response [311] at p. 2.)  Because there was no deadline for the filing of this motion, the Court assumes that Henderson is mistakenly referring to the deadline imposed for motions for a new trial under Federal Rule of Criminal Procedure 33(b)(2), which requires that motions for a new trial based on grounds other than new evidence be filed within fourteen (14) days of the verdict.  That deadline in this case lapsed on September 30, 2016, months before Henderson filed her motion.

Nevertheless, the Court finds that Henderson did not file her duplicative pleading in bad faith.  Though her conduct was in error, the Court does not believe that it was done willfully or maliciously.  As such, the Court will not impose sanctions against her.

**C.     Mary Lee Holmes**

On May 23, 2017, Holmes filed her Motion [250], requesting the Court consider the arguments therein in relation to Linda Bolton's pending Motion for Bond [214], despite Linda Bolton having already filed her Reply [248] to this motion.  This Motion [250] contained numerous accusations of bias and prejudice on the part of the Government and the Court during the trial and sentencing, including allegations that the Government "defrauded the court," "blatantly lied in open court," and "made wild accusations" and allegations that the Court "overstepped" its authority and had a "deep seeded prejudice" against the Boltons.  (Motion [250] at pp. 6-7, 11-12.)  The next day, Holmes filed her Motion to Withdraw Document [251], stating that she wished to

withdraw the Motion [250] because the arguments were "redundant" of those made in Bolton's previous Reply [248] and would be raised on appeal if necessary. She further stated, though, that the Motion [250] was filed "for the sake of showing that a reversible error was committed by the Court and that is one of the criteria's [sic] for why this Court should allow [Linda Bolton] to be released and [sic] on bail pending the ruling on the motions for new trial and appeal if that should become necessary." (Motion to Withdraw Document [251] at p. 1.)

On May 25, 2017, the Government filed a Response [252] to Holmes's Motion [250], stating that it contained "numerous blatantly false and slanderous allegations regarding the government, named attorneys for the government and this Court." (Response [252] at p. 3.) Holmes responded to the Government's Response [252] and stated that she "stands by the statements made to the Court, some of which were argumentative, and some of which are well documented [sic]." (Response [253].)

Because of her statements adhering to her accusations and her belief that they were well-documented in the record, the Court gave Holmes an opportunity to point specifically to the record to show support for her very serious and slanderous allegations. In her Response [313], Holmes recants her accusations, recognizing that she "misunderstood what happened" and "was wrong." (Response [313] at p. 3.) In apologizing to both the Court and the Government, she states that she "regret[s] very much the inaccuracies and disrespect [she] showed to the Court and Mr. Fred Harper." (*Id.* at p. 5.) In her defense, she states that this was "a very emotional case" for her and that she let her "deep, deep, [sic] emotions get[] in the way of [her] thinking." (*Id.* at pp. 1-2.) She further makes a point of noting her "youth and inexperience," despite prefacing it with an acknowledgement that she "cannot hide behind" that excuse. (*Id.* at p. 5.)

Though Holmes is a newly licensed attorney, there is no grace period for new attorneys with respect to the ethical obligations all attorneys must meet—to their clients, to the courts, and to the community at large. While Holmes may have been emotionally invested in this case, that does not relieve her from her duty of competence, which requires a certain level of objectivity to reasonably understand the law and factual background of the case in the representation of her client. Instead of attempting to reach this understanding, Holmes allowed her emotions to cloud her judgment and willfully filed a pleading that attacked both the integrity of this Court and a seasoned Assistant United States Attorney. Her accusations were not supported by any part of the record, which she readily admits, and were never advanced by any of the more experienced attorneys that were involved in the case for much longer than Holmes.

This case garnered a lot of attention from the community and statewide media. It involved a high-profile public figure, and was contentious from the very beginning. Holmes's careless allegations of prejudice and deceit were an apparent attempt to rekindle the baseless allegations of the unfair targeting the African American community and the equivalent of pouring gasoline on a fire. The Court cannot let her actions go unsanctioned. The Court appreciates Holmes's apologies and acknowledgement that her allegations were factually baseless, but she cannot unring a rung bell. Her actions may have been motivated by emotions, but that does not negate their willfulness.

Courts, judges, and attorneys are subject to criticism, and citizens have the right to speak out against them. However, lawyers are held to a higher standard. Their criticisms, when made in court pleadings, must be factually based and not intended to falsely impugn the integrity of the judicial system.

The Court is given wide latitude under its inherent powers to craft sanctions against those who abuse the judicial process. *See Chambers*, 501 U.S. at 44-45, 111 S. Ct. 2123. Special

privileges are afforded lawyers when they are licensed, but those privileges come with responsibilities. Here, the integrity of the judicial system mandates a sanction harsh enough to deter attorneys from making baseless allegations of prejudice whenever the Court makes an unfavorable ruling against their clients. As such, the Court hereby **sanctions** Holmes in the amount of **$5,000.00**, to be paid within **two weeks** of the date of this order.

SO ORDERED AND ADJUDGED, on this, the ___18th___ day of August, 2017.

       _s/Keith Starrett_____
       KEITH STARRETT
       UNITED STATES DISTRICT JUDGE